J-S23035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
FRANCISCO QUERENDONGO, :
:
Appellant : No. 2121 EDA 2016

Appeal from the PCRA Order June 21, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0108811-2000

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 27, 2017**

Francisco Querendongo ("Querendongo"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In January 2001, Querendongo was convicted of first-degree murder, and sentenced to life in prison. This Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. **See Commonwealth v. Querendongo**, 806 A.2d 465 (Pa. Super. 2002) (unpublished memorandum), **appeal denied**, 815 A.2d 1041 (Pa. 2003).

Querendongo filed his first PCRA Petition in May 2003, which the PCRA court later denied. This Court affirmed, after which the Supreme Court of Pennsylvania denied allowance of appeal. **See Commonwealth v.**

*Querendongo*, 890 A.2d 1104 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 898 A.2d 1070 (Pa. 2006).

On September 29, 2015, Querendongo filed the instant *pro se* PCRA Petition, his second, asserting that his life sentence is unconstitutional. In response, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing, stating that the court lacked jurisdiction to address the Petition because it was untimely filed. Querendongo filed a *pro se* Response to the Rule 907 Notice. On June 21, 2016, the PCRA court dismissed the Petition, after which Querendongo filed a timely *pro se* Notice of Appeal.[1]

Querendongo now presents the following question for our review: "Did the [PCRA c]ourt err[] in determining that [Querendongo] failed to invoke an exception to the timeliness requirements o[f] the PCRA statute?" Brief for Appellant at 3.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. *Id.*

---

[1] The PCRA court did not order Querendongo to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Querendongo concedes that his instant PCRA is facially untimely, as it was filed over twelve years after April 2003, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Querendongo invokes the newly-discovered facts exception, set forth at section 9545(b)(1)(ii),[2] pointing to our Supreme Court's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). *See* Brief for Appellant at 7-8. In that case, the Court held that 18 Pa.C.S.A. § 6317 ("Drug-free school zones") was rendered unconstitutional in its entirety by the decision of the United States Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that, under the Sixth Amendment's right to a jury trial, facts "that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt." *Id.* at

---

[2] The newly-discovered facts exception requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

2163).[3] **Hopkins**, 117 A.3d at 262. Additionally, Querendongo contends that he complied with the timeliness requirement of section 9545(b)(2) of the PCRA, as he filed his instant PCRA Petition within 60 days of discovering the **Hopkins** decision while in the prison library. Brief for Appellant at 8-9.

Initially, judicial decisions cannot "be considered newly-discovered facts which could invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013); **see also Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super. 2016) (stating that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." (citation omitted)).[4]

Furthermore, even construing Querendongo's claim under the newly-recognized constitutional right exception, under section 9545(b)(1)(iii), our Pennsylvania Supreme Court has held that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Further, **Hopkins** did not announce a new rule of constitutional law that has been held to apply

---

[3] **Alleyne** rendered unconstitutional various Pennsylvania statutes, such as section 6317, that allow a judge to increase a defendant's sentence based on a preponderance of the evidence standard. **See**, **e.g.**, **Commonwealth v. Barnes**, 151 A.3d 121, 123-24 (Pa. 2016) (explaining **Alleyne's** implications and collecting cases).

[4] Moreover, contrary to Querendongo's assertion, the 60-day period of section 9545(b)(2) begins to run upon the date of the underlying judicial decision (here, **Hopkins** was decided on June 15, 2015), and not the date that the petitioner became aware of the decision. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012). Querendongo did not file his PCRA Petition within 60 days of June 15, 2015.

retroactively. *See Whitehawk*, 146 A.3d at 271 (noting that *Hopkins* only assessed the validity of 18 Pa.C.S.A. § 6317 under *Alleyne*).

Accordingly, because Querendongo failed to successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, the PCRA court properly dismissed Querendongo's second PCRA Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017